OPINION
{¶ 1} Defendant-Appellant appeals his sentence and conviction from the Ashland County Court of Common Pleas on one count of Attempt (Sexual Battery) in violation of R.C. § 2923.02(A) and R.C. §2907.03(A)(9).
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 {¶ 3} We note that the brief filed by defendant violates App.R. 19(A) which requires "double spacing between each line of text except quoted matter" and Loc.R. 9(B), which provides: (B) Length of briefs. In addition to the requirements of App.R. 16, no appellant's * * * brief * * * excluding appendices, table of contents, table of cases, statement of assignments of error, and statement of the issues shall exceed thirtypages, unless, upon a motion requesting an increase of a specific number of pages and the showing of good cause, this Court orders otherwise. No reply brief shall exceed fifteen pages.
 {¶ 4} The brief is instead thirty (30) single-spaced pages.
 {¶ 5} Such deficiencies are tantamount to the failure to file a brief. Pursuant to App.R. 18(C), this Court could dismiss the instant appeal for want of prosecution. Despite the nonconforming brief, in the interests of justice to appellant, we shall address the merits of his arguments.
 {¶ 6} We hereby remind defendant of the App.R. 19(A) and Loc.R. 9(B) requirements and caution counsel that such practice will not be tolerated in the future.
 STATEMENT OF THE FACTS AND CASE {¶ 7} Appellant, who was a driving instructor for Buckeye Driving School, was providing driving instruction to Trista Gerwig, then sixteen years old.
 {¶ 8} Ms. Gerwig informed her school principal that Appellant had at least two conversations with her about another woman who propositioned him about paying for her driver's lessons with sex. The principal, in turn, reported such to law enforcement.
 {¶ 9} In cooperation with the Ashland County Sheriff's Office, Ms. Gerwig agreed to wear a wire at her next driving lesson.
 {¶ 10} During such lesson, the deputies who were listening to the conversation, heard Appellant eventually name a price for anal, oral and vaginal sex, along with a specific place time and date for same and a promise for a price adjustment on her bill.
 {¶ 11} Appellant then reached over and touched Ms. Gerwig's thigh and breast.
 {¶ 12} Appellant was then pulled over by the Sheriff's deputies and arrested.
 {¶ 13} On January 30, 2002, the Ashland Count Grand Jury indicted Appellant on two counts of attempt (sexual battery) and one count of possession of criminal tools.
 {¶ 14} On February 4, 2002, Appellant entered pleas of not guilty to said charges.
 {¶ 15} On July 11, 2002, a jury trial commenced in this matter which continued through July 12, 2002.
 {¶ 16} The jury returned a verdict of guilty as to one count of attempt (sexual battery) and not guilty as to the remaining attempt (sexual battery) charge and the charge of possession of criminal tools.
 {¶ 17} On August 19, 2002, the trial court sentenced Appellant to a term of twelve (12) months of incarceration in the Department of Rehabilitation and Corrections.
 {¶ 18} It is from this conviction and sentence that Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 19} "I. APPELLANT WAS DENIED DUE PROCESS WHEN THE TRIAL COURT PERMITTED EVIDENCE OF STATEMENTS MADE TO THE POLICE OFFICERS DESPITE THE STATE'S FAILURE TO DEMONSTRATE THAT THE ARREST OF APPELLANT WAS LAWFUL AND BASED UPON PROBABLE CAUSE."
 {¶ 20} "II. APPELLANT'S RIGHT TO DUE PROCESS WAS VIOLATED BY THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN TRIAL COUNSEL'S PERFORMANCE FELL FAR BELOW A MINIMUM STANDARD OF REASONABLE LEGAL REPRESENTATION, IN FAILING TO FULLY PRESENT ALL PROPER CHALLENGES TO THE STATE'S CASE AND, TO MAKE PROPER OBJECTIONS AT TRIAL AND OTHER ERRORS."
 {¶ 21} "III. APPELLANT'S RIGHT OT DUE PROCESS WAS VIOLATED BECAUSE HIS JUDGMENT AND CONVICTION OF ATTEMPTED SEXUAL BATTERY IS UNSUPPORTED BY LEGALLY SUFFICIENT EVIDENCE AND IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 22} "IV. APPELLANT WAS DENIED DUE PROCESS WHEN THE TRIAL COURT ALLOWED THE STATE TO INTRODUCE EVIDENCE OF "OTHER ACTS" CLAIMED TO HAVE BEEN COMMITTED BY APPELLANT."
 {¶ 23} "V. APPELLANT WAS DENIED DUE PROCESS WHEN THE TRIAL COURT PERMITTED IMPROPER HEARSAY EVIDENCE IN THE TRIAL OF HIS CRIMINAL CASE."
 {¶ 24} "VI. APPELLANT WAS DENIED DUE PROCESS WHEN THE PROSECUTOR TO ENGAGED [SIC] IN MISCONDUCT INFECTING THE TRIAL OF HIS CRIMINAL CASE, AND WITHOLDING [SIC] VITAL EVIDENCE, SUCH THAT A FAIR TRIAL WAS IMPOSSIBLE."
 I. {¶ 25} In his first assignment of error, Appellant argues that any statements made by him to the police were not voluntary and therefore were not admissible. We disagree.
 {¶ 26} A review of the record including the videotape which was played for the jury reveals that the Appellant was read his Miranda Rights at the beginning of his interview with Officer Smart and that Appellant waived same.
 {¶ 27} As it appears from the record that the statements Appellant is referring to in his brief were all post-Miranda statements, we find Appellant's first assignment of error not well-taken.
 III. {¶ 28} We shall address the III, IV, V and VI assignments out of order.
 {¶ 29} In his third assignment of error, Appellant claims that the judgment is against the manifest weight and sufficiency of the evidence and is contrary to law. We disagree.
 {¶ 30} Our standard of review for manifest weight in criminal matters is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175; See also State v. Thompkins (1997), 78 Ohio St.3d 380.
 {¶ 31} The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 32} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: " * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 273.
 {¶ 33} Specifically, appellant complains that the evidence failed to establish that he committed any offenses in Ashland County and further that the State failed to prove intent.
 {¶ 34} Sexual Battery is a violation of R.C. 2907.03, which states in pertinent part:
 {¶ 35} "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
 {¶ 36} "
 {¶ 37} "(9) The other person is a minor, and the offender is the other person's athletic or other type of coach, is the other person's instructor, is the leader of a scouting troop of which the other person is a member, or is a person with temporary or occasional disciplinary control over the other person
 {¶ 38} In the case sub judice, our review of the evidence adduced at trial reveals, and we so find, that the prosecution presented substantial competent and credible evidence upon which the trier of fact could have reasonably concluded that all elements of the offense had been proved beyond a reasonable doubt. The victim testified to each and every element of the crime including Appellant setting a time and place to be paid with sexual favors for the driving lessons and grabbing her breast within the jurisdiction of Ashland County. The police and another student corroborated the victim's testimony.
 {¶ 39} We find that based upon the evidence of Appellant's actions, the jury could find intent.
 {¶ 40} Accordingly, based upon the foregoing reasons, Appellant's third assignment of error is denied.
 IV. {¶ 41} In his fourth assignment of error, Appellant argues that the trial court erred by allowing the introduction of "other acts" into evidence. We disagree.
 {¶ 42} The admission of evidence lies within the broad discretion of a trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice. State v. Issa (2001), 93 Ohio St.3d 49, 64. Therefore, we confine our inquiry to determining whether the trial court acted unreasonably, arbitrarily, or unconscionably in deciding the evidentiary issues about which Appellant complains. See State v. Barnes
(2002), 94 Ohio St.3d 21, 23.
 {¶ 43} Ohio R. Evid. 404(B) sets forth an exception to the common law with respect to evidence of other acts of wrongdoing. The rule contemplates acts which may or may not be similar to the crime at issue. If the other act does in fact tend to show by substantial proof any of those things enumerated, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, then evidence of the other act may be admissible. State v. Gross,97 Ohio St.3d 121, 2002-Ohio-5524.
 {¶ 44} We find that the "acts" to which Appellant is referring (i.e. Appellant's conversation with a prior student concerning sex as payment for fees, Appellant's statement regarding a woman who had lost her teeth being "desirable" to men, testimony regarding appellant touching Ms. Gerwig's thigh and breast) fall within the admissibility of Rule 404(B) in that they tend to show Appellant's intent and motives. As to evidence that Appellant allowed students to smoke on their breaks, we find such may not have been admissible but further find that such was not prejudicial to Appellant.
 {¶ 45} Appellant's fourth assignment of error is denied.
 V. {¶ 46} In his fifth assignment of error, Appellant asserts that the trial court erred in admitting hearsay evidence over the objections of his trial counsel. We disagree.
 {¶ 47} Appellant specifically claims that the statements made by Officer Smart as to what statements were made to him by the Trisha Gerwig's principal and Trisha Gerwig herself were inadmissible hearsay as well as statements made by Officer Smart contained in the videotape wherein Officer Smart stated that appellant was charged with gross sexual imposition and that several other students were probably involved.
 {¶ 48} Evidence Rule 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is not admissible unless otherwise provided by law. Evid.R. 802.
 {¶ 49} "A trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and [a party] has been materially prejudiced thereby, [an appellate] court should be slow to interfere." Packard v. Packard (Nov. 22, 2000), 9th Dist. No. 19870, quoting State v. Hymore (1967), 9 Ohio St.2d 122, 128,224 N.E.2d 126. "The erroneous admission of hearsay evidence is harmless if additional information, separate and apart from the erroneously admitted evidence, has been offered to prove that which the challenged evidence was offered to prove." In re Reeves (June 7, 2000), 9th Dist. Nos. 19650, 19669, 19672-4, 19705-7.
 {¶ 50} Where there is sufficient independent evidence of a defendant's guilt, which renders the admitted statement harmless, there is no prejudice and reversal is unwarranted. State v. Moritz (1980),63 Ohio St.2d 150.
 {¶ 51} In the case at bar, subsequent to Officer Smart's testimony, Trisha Gerwig testified to the same events. Furthermore, the trial court gave a curative instruction to the jury explaining that Appellant was not charged with gross sexual imposition and "that is not what the Defendant is charged with and you should draw no inferences from those references in the testimony." (T. at 291-292).
 {¶ 52} Assuming that the statements made by Officer Smart were inadmissible, we find that, based upon the facts set forth in detail above, there was overwhelming evidence that appellant committed the acts with which he was charged. Appellant, therefore, was not prejudiced by admission of the same.
 {¶ 53} Therefore, even if it were true that the trial court admitted inadmissible hearsay, there was separate and additional evidence offered to prove that which the challenged evidence was offered to prove.
 {¶ 54} Appellant's fifth assignment of error is overruled.
 VI. {¶ 55} In his sixth assignment of error, Appellant claims that he was denied a fair trial due to prosecutorial misconduct. We disagree.
 {¶ 56} Appellant contends that the State withheld evidence in violation of Brady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194,10 L.Ed.2d 215, syllabus, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.
 {¶ 57} Appellant claims the Brady violation occurred when the state failed to disclose discovery as to Officer Smart's statement that Trisha Gerwig's was crying and hysterical when the police stopped the car in which she was riding with Appellant.
 {¶ 58} In Brady, the United States Supreme Court held that the "[s]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, supra. To establish a violation, a defendant must prove that the prosecution failed to disclose evidence upon request, the evidence was favorable to the defense, and the evidence was material. Moore v. Illinois (1972), 408 U.S. 786, 794-795,92 S.Ct. 2562, 33 L.Ed.2d 706.
 {¶ 59} Upon review we find that the Appellant was present at the time Ms. Gerwig was said to have been crying and hysterical. Furthermore, we find that counsel for Appellant did object to the admission of such evidence. Although such objection was overruled, Appellant had ample opportunity to cross-examine Officer Smart and Trisha Gerwig as to same.
 {¶ 60} Appellant's sixth assignment of error is denied.
 II. {¶ 61} In his second assignment of error, Appellant argues that he was denied the effective assistance of counsel. We disagree.
 {¶ 62} A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364;Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 63} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 64} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
 {¶ 65} Appellant argues that his trial counsel failed to investigate and argue the issue of venue. Having found that venue was proper in this matter we find such failure was not error on the part of trial counsel.
 {¶ 66} Appellant also argues that counsel should have moved the court to suppress the statements he made to law enforcement. As we have previously found that Appellant waived his Miranda rights, we do not find error in trial counsel's failure to file a motion to suppress such statements.
 {¶ 67} Appellant argues that trial counsel was ineffective in failing to object to prosecutorial misconduct. Based on our disposition of Assignment of Error VI, we find no error.
 {¶ 68} Appellant's arguments based on ineffective assistance as to failure to object to improper hearsay and failure to file a motion to exclude "other act" evidence, we find same not well-taken based on our disposition of Assignments of Error V and IV.
 {¶ 69} Appellant's second assignment of error is denied.
 {¶ 70} Based on the reasoning above, the judgment of the Ashland County Court of Common Pleas is affirmed.
By: Boggins, J., Hoffman, P.J., and Wise, J. concur.